IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02476-BNB

RAYMOND MONTOYA,

    Plaintiff,

v.

ARI ZAVARAS, et al.,
D. MICHAUD,
MRS. PFALTZGRAFF,
MR. RACHIO,
J. KERRIGAN,
MR. ESTEP, et al.,
MR. EVERETT,
MRS. CARNELL, and
RAY MONTOYA,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Raymond Montoya, initiated this action by filing *pro se* a letter to the Court (ECF No. 1) in which he referenced notices of intent to get his case started. On September 19, 2012, Magistrate Judge Boyd N. Boland entered an order directing Mr. Montoya to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Montoya to file a Prisoner Complaint and either to pay the $350.00 filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement in support of the 28 U.S.C. § 1915 motion. Mr. Montoya was warned that the action would be dismissed without further notice if he failed to cure the

deficiencies within thirty days.

On September 27, 2012, Mr. Montoya filed a Prisoner Complaint (ECF No. 4) and a document (ECF No. 3) to which he attached a certified copy of his inmate trust fund account statement dated June 7, 2012.  Included within the exhibits attached to the Prisoner Complaint are uncertified copies of Mr. Montoya's inmate trust fund account statement from 2009.  (*See* ECF No. 4-2 at 22-27.)  On October 15, 2012, Mr. Montoya filed another letter to the Court in which he appears to state that he has submitted the paperwork requested by the Court.

Mr. Montoya has failed to cure all of the deficiencies within the time allowed because he has not filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and the only certified account statement he has submitted (*see* ECF No. 3 at 3-5) is too old and does not cover the six-month period immediately preceding the filing of the action as directed in Magistrate Judge Boland's September 19 order and as required pursuant to § 1915(a)(2).  Therefore, the action will be dismissed without prejudice for failure to cure all of the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Montoya failed to cure all of the deficiencies as directed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  25th  day of     October    , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court